## Richland Civic Club Appeal.

Argued November 12, 1965. Before WRIGHT, WAT-KINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (ERVIN, P. J., and FLOOD, J., absent).

*Thomas M. Rutter, Jr.,* Assistant County Solicitor, with him *Francis A. Barry,* First Assistant County Solicitor, and *Maurice Louik,* County Solicitor, for appellant.

*Edward R. Lawrence,* with him *Paul, Lawrence & Rock,* for appellee.

OPINION BY MONTGOMERY, J., December 16, 1965:

This appeal is from the order of the County Court of Allegheny County which placed 2.084 acres of land with a 24 room house thereon in Richland Township,

Allegheny County, owned by The Richland Civic Club (Club), in an exempt status, whereas the Board of Property Assessment, Appeals and Review of said county (Board) had assessed it for local taxes.

The facts are as follows. This club is a nonprofit corporation chartered in 1958[1] with an amendment thereto made April 8, 1960, so that its present charter purpose is "For charitable and educational purposes; to advance the welfare of the community; to promote the well being and well doing of residents of Richland Township, Allegheny County, Pennsylvania, and environs; to lessen neighborhood tensions; to eliminate prejudice and discrimination; to combat community deterioration and juvenile delinquency; to own and maintain a building as a meeting place and for educational, recreational and charitable purposes for such residents; all such activities to be conducted and the property administered free from private gain and profit."

The club membership is limited to women and there are about 100 members. Membership may be gained only through sponsorship and approval by the Board of Directors. The initiation fee is one dollar and the annual dues five dollars.

The real estate under consideration was acquired by the club from the School District of Richland Township in 1958 at a cost of $22,500, and was financed through a $17,500 mortgage and cash then in the club treasury. The building is maintained by a married couple who live therein and who are given free rent for their services. The following is a list of the users and uses of the building: Orchard Park Garden Club, Orchard Park Men's Club, Newcomer's Club (Welcome Wagon), North Suburban Fine Arts League (for meetings and a workshop), Passavant Hospital Auxiliary

---

[1] The club has been in existence since 1935 as an unincorporated association "to do good" under the name "Richland Junior Women's Club",

(for meetings and benefits), after graduation dances for teenagers, high school reunions, Red Cross first aid course for scout leaders, visual screening test for adults (Club operates visual screening program in the schools for children), storage of visual screening records, polio shots, "Mother's Day Outing" (a weekly outing and classes in sewing, knitting, etc., for women from the whole North Hills area sponsored by the Unitarian Church on a nonsectarian basis), Christian Science Church and prayer meetings, Pixie Play Shop (dramatics taught to children), Red Cross first aid for girl scouts, girl scout meetings, child care courses for girl scouts, adult dance classes, children's dance school, family reunions, wedding receptions, Little League council, movies and speakers for Little Leaguers, Little Music Society, Saturday night open house dances (building open to everyone who cares to attend, once a month if possible), art classes, knitting classes, sewing classes, recitals, book storage of Library. Bazaar, Pittsburgh Plan for Art, Country Club Trading Post, storage space provided (i.e., girl scout camping equipment, Garden Club equipment, etc.), The Richland Civic Club meetings (held once a month, public invited to hear speakers).

From this list of uses and users it is apparent that this building is used as a community center.

The club's income is derived from the following sources as disclosed by its income tax return[2] to the United States government for the year ending March 31, 1961:

Interest .................................. $ 43.82
Contributions[3] ..................... 3,464.09

---

[2] The fact that this club is exempted from federal taxes does not enter into our consideration since civic organizations may secure such exemptions. *Erie Endowment v. United States*, 316 F. 2d 151 (3d Cir. 1963).

[3] Contributions are from organizations using the building made in lieu of rentals, no fixed amounts of rentals being charged.

| | |
|---|---:|
| Dues | 1,290.00 |
| Country Club Trading Post[4] | 1,210.00 |
| Saturday Open House Dances | 190.08 |
| Fall Frolics | 1,285.54 |
| St. Patrick's Dance & Raffle | 504.19 |
| Beverages | 43.65 |
| Health Activities Program | 32.00 |
| Welfare Collections | 87.21 |
| | |
| Total | $8,150.58 |

The expenses of the club are itemized in its federal income tax return as follows:

| | |
|---|---:|
| Mortgage Interest | $ 697.65 |
| Taxes (in dispute) | 702.40 |
| Office Expense | 27.43 |
| Publicity & Bulletins | 131.54 |
| Membership & Hospitality | 46.61 |
| Programs | 21.00 |
| Insurance | 520.67 |
| Utilities | 1,042.04 |
| Legal Fees | 450.00 |
| Safe Deposit Box | 9.37 |
| | |
| Total | $3,648.71 |

Contributions made by the club were as follows:

| | |
|---|---:|
| Richland Library | $ 10.00 |
| Richland Twp. Fire & Police Dept. | 50.00 |
| Memorial Flowers | 5.00 |
| Passavant Hospital Auxiliary | 50.00 |
| W. Pa. School for Blind | 410.00 |
| Christmas Gifts for Needy | 165.00 |
| St. Barnabas Christmas Gifts | 175.87 |
| | |
| Total | $ 865.87 |

[4] The Country Club Trading Post is a small enterprise in which people bring used clothing, etc., for resale. If it is sold the club retains 20 per cent of the sale price and gives 80 per cent to the owner.

In the year ending March 31, 1961, the club accumulated $3,636 above its expenses and contributions and depreciation, which made an aggregate accumulation of $17,407.94 since its incorporation.

We have just reviewed the law in this field in *Bower Hill Civic League Appeal,* 207 Pa. Superior Ct. 122, 215 A. 2d 305 (1965), to be filed herewith, and our observations and conclusions therein are equally applicable here. We see very little distinction in the facts of the two cases. Both groups are dedicated to the task of doing good in their respective communities in a general way. In the present case there is more charity bestowed in the form of cash contributions to various local organizations than in Bower Hill. However, it is not our understanding of the law that a group of citizens may secure the benefit of tax exemption by bestowing charity in a manner they may privately determine to be proper. We do not believe such charity satisfies the definition of a "purely public charity" as intended by the Pennsylvania Constitution. This club was not founded by public or private charity, it is not maintained by public or private charity, and its objects are not purely (wholly) charity but mainly civic. Commendable as its efforts and projects may be, we must conclude that its property is not exempt from taxation.

The order of the lower court is reversed and the assessment of appellee's real estate in Richland Township, Allegheny County, as taxable property, is reinstated.